## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AARON BANKS**                                                    **CIVIL ACTION**

**VERSUS**                                                              **No. 22-3733**

**ALLIANCE OFFSHORE, L.L.C., ET AL.**                    **SECTION I**

### ORDER & REASONS

Before this Court is a motion[1] filed by defendant, Alliance Offshore, LLC ("Alliance" or "defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims made against it by the plaintiff, Aaron Banks ("Banks").[2] Banks opposes the motion.[3] For the reasons discussed below, the Court will grant the defendant's motion and dismiss Banks' claims against Alliance.

### I.    FACTUAL BACKGROUND

The case arises from an incident that occurred aboard the L/B NASHVILLE, a lift boat owned and operated by Alliance.[4] Banks, an employee of Diverse Safety & Scaffolding, alleges that he was injured when another individual ("the instigator") "unprovokedly, physically bumped [him] into a piece of furniture secured to the floor."[5] Banks does not know the identity of the instigator, but the complaint alleges that he was an employee of Apache Corporation ("Apache"), the other named

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 1.
[3] R. Doc No. 11.
[4] R. Doc. No. 1 ¶ 4.
[5] *Id*.

defendant in this lawsuit.[6] Banks alleges that his injuries resulted from the negligent failure of Alliance and Apache to "supervise their agent, representative, and employee"[7] and that "the incident occurred solely through the negligence and fault of [Alliance and Apache] and their agent, representative and employee."[8]

In its motion, Alliance notes that Banks' complaint specifically alleges that the instigator was an employee of Apache, not Alliance.[9] Alliance argues that Banks "cannot establish (and has not even alleged) as a matter of law an employer-employee relationship existed between the individual causing the injuries and Alliance Offshore."[10] Accordingly, Alliance asserts, Banks' claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[11]

In reply to Alliance's motion, Banks argues that the uncertainty surrounding the instigator's employment relationship with Apache, Alliance, or "another unnamed party" weighs against dismissal.[12] Apache asserts in its answer to Banks' complaint that the instigator was either an independent contractor or was acting outside the

---

[6] *Id.*

[7] *Id.* ¶ 6.

[8] *Id.* ¶ 9. It is unclear, based on the language of Banks' complaint, if he is alleging a cause of action for vicarious liability. However, Alliance addresses both direct and vicarious liability in the instant motion to dismiss, *see* R. Doc. No. 7, at 1–2, and Banks' opposition asserts that, "[i]n his complaint, [Banks] alleges the defendants are vicariously liable to him for injuries caused by the acts of defendant [Apache's] employee." R. Doc. No. 11, at 1. Accordingly, the Court will consider both causes of action in its analysis.

[9] R. Doc. No. 7-1, at 2.

[10] *Id.*

[11] *Id.* at 3.

[12] R. Doc. No. 11, at 2.

course and scope of his employment.[13] According to Banks, Apache's denial "does not foreclose the possibility" that the alleged instigator was Alliance's borrowed employee.[14] If true, Banks contends that Alliance would be vicariously liable for the instigator's wrongful acts.[15]

## II.     STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679. If a plaintiff fails to allege facts sufficient to "nudge[ ] their claims across the line from conceivable

---

[13] R. Do. No. 8, at 3.
[14] R. Doc. No. 11, at 3.
[15] *Id.*

to plausible, their complaint must be dismissed." *Twombly,* 550 U.S. at 570. The facts alleged must "plausibly establish each required element for each legal claim." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).

A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted). In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## III.   ANALYSIS

### a.   Failure to Supervise and Vicarious Liability

As stated, Banks alleges that the injuries he claims pursuant to the general maritime law were caused by the "the negligence of the [d]efendants," Alliance and Apache, "for failure to supervise their agent, representative and employee."[16] His complaint also appears to allege a cause of action for vicarious liability, stating that "the incident occurred solely through the negligence and fault of [Alliance and Apache] *and* their agent, representative and employee."[17]

---

[16] R. Doc. No. 1, ¶ 6.
[17] *Id.* ¶ 9 (emphasis added).

"[N]egligence is an actionable wrong under general maritime law." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010). To state a claim for negligence under general maritime law, the "'plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by plaintiff, and a causal connection between defendant's conduct and the plaintiff's injury.'" *ADM Int'l SARL v. River Ventures, LLC*, 441 F. Supp. 3d 364, 375 (E.D. La. 2020) (Fallon, J.) (quoting *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991) (internal citation omitted)).[18] Moreover, "the resultant harm must be reasonably foreseeable." *In re Cooper*, 929 F.2d at 1077 (citing *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

Vicarious liability arises out of the employment relationship: "the vicarious liability analysis requires two inquiries: (1) whether the defendant is the employer of the tortfeasor; and (2) whether the tortfeasor committed the tort while acting in the course of his employment." *Johnson v. GlobalSantaFe Offshore Servs., Inc.*, 799 F.3d 317, 321 (5th Cir. 2015); *see also Stoot v. D & D Catering Serv., Inc.*, 807 F.2d 1197, 1199 (5th Cir. 1987) ("The recognized principle of agency law that imposes vicarious liability upon employers for the wrongful acts committed by employees while acting in the course of their employment is well ingrained in the general maritime law.")

---

[18] *See, e.g.*, *Matter of Savage Inland Marine, LLC*, 539 F. Supp. 3d 629, 648 (E.D. Tex. 2021), *appeal dismissed sub nom. In re Savage Inland Marine, L.L.C.*, No. 21-40446, 2022 WL 2103979 (5th Cir. Apr. 22, 2022) (applying common law principles in finding defendant liable for general maritime law negligence under a theory of failure to train employees).

The lone factual allegation made by Banks regarding Alliance is that Alliance owns and operates the L/B NASHVILLE.[19] Banks does not allege an employer-employee relationship between Alliance and the instigator, nor any facts that would tend to indicate that such a relationship existed sufficient to make Alliance directly or vicariously liable for the instigator's actions. Indeed, as stated, Banks' complaint alleges that the instigator was an employee of Apache.[20] Therefore, Alliance asserts, Banks has failed to state a claim against Alliance for failure to supervise its agent, representative, or employee,[21] or for vicarious liability.[22]

In his opposition to the instant motion, Banks argues that because Alliance does not deny ownership or operational control of the L/B NASHVILLE, "the existence of an agency relationship between the alleged instigator and the defendants is also deemed true"[23] for purposes of a Rule 12(b)(6) motion.[24] But the Court finds no authority—nor does Bank cite any authority—for the proposition that ownership or operational control of a vessel alone create an employment relationship sufficient

---

[19] R. Doc. No. 1, ¶ 6.

[20] *Id.*

[21] R. Doc. No. 7, at 1.

[22] *Id.* at 1–2.

[23] R. Doc. No. 11, at 4. The Court notes that Banks cites a pre-*Twombly*/*Iqbal* standard for dismissal pursuant to Rule 12(b)(6): "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

[24] R. Doc. No. 11, at 3. The Court notes that this assertion contradicts Banks' earlier claim that dismissal at this stage is premature because "[d]iscovery is needed to ascertain whether the alleged instigator is an employee, agent or representative of Apache, of Alliance, of both, or of some other unnamed parties." *Id.* at 2.

to establish vicarious liability. Consequently, the Court finds that Banks has failed to state a claim against Alliance for direct or vicarious liability.

### b.    Borrowed Employee

Banks' opposition also argues that the instigator could be Alliance's "borrowed employee," thereby making Alliance vicariously liable for the conduct of the instigator regardless of whether that individual was the employee of another.

"[U]nder the borrowed employee doctrine, an employer will be liable through respondeat superior for negligence of an employee he has 'borrowed,' that is, one who does his work under his supervision and control." *Johnson*, 799 F.3d at 322 (quoting *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977)). The Fifth Circuit has articulated nine factors for district courts to consider when determining whether an employee is a borrowed employee of another, including

> (1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation? (2) Whose work is being performed? (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer? (4) Did the employee acquiesce in the new work situation? (5) Did the original employer terminate his relationship with the employee? (6) Who furnished tools and place for performance? (7) Was the new employment over a considerable length of time? (8) Who had the right to discharge the employee? (9) Who had the obligation to pay the employee?

*Philip v. Hornbeck Offshore Servs., L.L.C.*, 137 F. Supp. 3d 936, 949 (E.D. La. 2015) (Morgan, J.) (citing *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312–13 (5th Cir. 1969)). However, apart from Alliance's ownership of the L/B NASHVILLE, the complaint alleges no facts related to the above factors that would permit the Court to reasonably infer that the instigator was a borrowed employee of Alliance. For instance, Banks

does not allege that the instigator was under Alliance's control at the time Banks alleged he was shoved, the existence of any agreement or understanding between Alliance and the instigator's employer, how long the instigator had been working for Alliance (if indeed he was), etc.

## IV.    CONCLUSION

*Twombly* makes clear that Banks must allege facts sufficient to push the claim across the line from conceivable—*i.e.*, "possible"—to plausible.[25] Banks has not pleaded factual content that would allow this Court to reasonably infer that Alliance is liable for the alleged misconduct of the instigator, he has not asserted a plausible claim for relief. Accordingly,

**IT IS ORDERED** the Alliance's motion to dismiss is **GRANTED** and Banks' claims against Alliance are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, February 1, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[25] *See Twombly,* 550 U.S. at 570 (holding that if a plaintiff fails to allege facts sufficient to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed.")